**Application of Eddie WILKERSON, Petitioner.**

**No. 73-C-1737.**

United States District Court, E. D. New York.

Dec. 26, 1973.

See also D.C., 363 F.Supp. 416.

Eddie Wilkerson, pro se.

### MEMORANDUM and ORDER

DOOLING, District Judge.

Petitioner was sentenced to a term of four years for possessing property stolen while moving in interstate commerce, defendant knowing that the property was stolen, 18 U.S.C. § 659; the sentence was imposed under 18 U.S.C. § 4208(a)(2). The sentence began with the execution of the warrant at January 26, 1973, but, since Petitioner had a credit upon commitment for jail time of 56 days, his term will expire full term at November 30, 1976, and his mandatory release date (computed with good time allowance) is December 30, 1975.

Petitioner's first parole consideration took place in May 1973, somewhat less than four months after commitment, and it resulted in an order of May 17, 1973, that Petitioner "Continue with an Institutional Review Hearing September 1974." Accompanying the order was an explanation which read:

"1. Your release at this time would depreciate the seriousness of the offense committed and it is thus incompatible with the welfare of society.

2. You need additional institutional treatments, specifically academic, vocational and correctional counselling

to enhance your capacity to lead a law abiding life."

On July 20, 1973, the order was affirmed on the ground that the "Reasons given support the order." Petitioner on October 25, 1973 requested an appeal from the Review Order of July 20, 1973. The request emphasized the pitiable situation of the Petitioner's wife and eight children, and, on the second point particularly emphasized in the statement of reasons for denying early parole, said:

"During my incarceration, I am working in the Power Plant as a Maintenance Man. (A skill job while incarcerated.) I have gotten excellent progress and mark reports and receiving Meritorious good time. I have completed one phase of my Education training which is the Adult Basic Education. I will take the GED test in early November 1973. I am on the waiting list for vocational Training. I have fulfilled one half of the requirement on my proposed institution program."

On November 29, 1973, Petitioner received from the Board (and on December 18, 1973, the Clerk's office received from Petitioner) the Board's order reading:

"Review Order dated July 20, 1973 affirmed. Reasons given support the decision."

Reference to the supporting reasons for the May 17, 1973 order indicates that while the first reason is not happily expressed and the second reason at first reading sounds like an empty generalization applicable to all men in every condition of life, the reasons given have explicit meaning for the Petitioner in his circumstances as appears from his presentence report and the trial record, and as is reflected in his statement of grounds for appeal from the order continuing him for Institution Review Hearing in September 1974. (It is emphatically to be noticed that Petitioner was not continued to expiration date.)

The "first reason" assigned is no doubt intended to remind Petitioner that the offense was a grave one: possession of a truckload of goods that had been "hijacked" by armed daylight robbery on a street in lower Manhattan. The point that the first reason makes is that early release on so grave an offense would deny to the sentence its deterrence objective as related to Petitioner, to the prison population, and to society in general.

The "second reason" becomes completely informative when read in the light of the paragraph quoted above from the Petitioner's statement of his grounds for appeal. Petitioner appears from that paragraph to be doing what the "second reason" points out that he needs to do, and his presentence report confirms that Petitioner was at the time of sentence much in need of the kinds of structured training and support that an adequately financed prison system can offer.

No basis, then, appears for a challenge to the Board's exercise of its statutory judgment or to the adequacy of its statement of its grounds of action. The statement could certainly have been more or differently expressive, but, no doubt, the Board may consider that it is not free to instruct specific rehabilitative measures as distinguished from encouraging rehabilitative effort and specifying the areas of perceived deficiency.

It is, accordingly,

Ordered that the petition for a writ of habeas corpus or other relief is dismissed and the writ is denied.